Judge Grimke
delivered the opinion of the court:
This is an action of ejectment. The declaration contains one count, which is on a joint demise from W. A. Adams and four others. It is '.dmitted that the deed for the land in controversy was made to Adams alone, and that the plaintiff can show no title in any of the other lessors. It is supposed that *this mode of declaring is authorized by section 54 of the judiciary act. That section declares, that “ in all actions of ejectment, the plaintiff shall have the same benefit from a joint demise that he could Irom several demises, and separate demises shall only be laid in the names of tenants in common.” A real difficulty had beiore been felt with *429 regard to the form of the demise, where the lessors of the plaintiff were tenants in common. At common law, coparceners and joint tenants were obliged to lay a joint demise, while tenants in common were forbidden to lay any other than separate demises. It is perhaps difficult to give a reason which shall be perfectly satisfactory to the mind, why such a distinction was originally made, since the same objection, to wit, that the estates of tenants in common are several and distinct, and that there is no privity between them, 2 Wils. 232, would seem to be equally fatal to their uniting in one action on separate demises. But, with the exception of one solitary decision in New York, such has been the established law from time immemorial. However numerous, then, may have been the tenants in common, they must, before this act was passed, have counted on separate demises. And it was to remedy this defect, to give simplicity to the form of declaring, and to release the pleadings from all unnecessary prolixity, that section 54 of the act was inserted. Its language is by no means as clear and precise as could be desired; but its true intention can not be mistaken. The plaintiff, however, would have us go much further than this. He insists that although these lessors have no species of joint interest whatever, they may unite in a joint demise; in other words, that although William A. Adams alone possesses title, he may arbitrarily select as many persons as he please, and combine them in a joint demise with himself. If this may be done, it would be a very remarkable departure from principles of law the most firmly established without, at the same time, possessing the merit of remedying any defect or inconvenience of which I am aware. Although the demise is a fiction, yet the title of him who pretends to make it is no fiction. S. Adams, 186, n. 2. The view which the plaintiff takes proves even too much ; it would go to abolish separate demises where the titles were distinct, and where, undeniably, this was always the proper form of declaring. When the statute declares, then, that “ the same advantage shall be had from a joint, as from separate demises," it means to say that*as tenancy in common was the only species of joint interest in which separate demises must be laid, that hereafter a joint demise should be equaLly proper. And when it declares that “ separate demises shall only be laid in the names of tenants in common,” it means to say that tenancy in common is the only species of joint interest in which such may be the form of declaring. By giving this construction *430 to the law, we give it, in reality, the only sensible interpretation of which it is capable, because the remedy is thus made to operate upon the only pre-existing inconvenience which could be complained of. Judgment for the defendant.